IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEANGELO DERRICK #325917, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00329 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DISTRICT ATTORNEY OFFICE, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Plaintiff DeAngelo Derrick, a pretrial detainee in the custody of the Davidson County Sheriff, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has now filed a properly supported application to proceed without prepaying fees ("IFP application").[1] (Doc. Nos. 1, 5.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2.) The complaint is also before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 5) to proceed IFP in this matter.

Plaintiff is still responsible for paying the full filing fee, however, as required by Section

---

[1] Defendant purported in his complaint to sue on behalf of other named "plaintiffs" and to bring a "class action," but pro se inmates do not have standing to assert the constitutional rights of other prisoners and are not permitted to pursue claims on behalf of an entire class. Accordingly, the other listed "plaintiffs" were dismissed without prejudice by prior order of this Court. (Doc. No. 4).

1915(b). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Davidson County Sheriff to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present

place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that responsible officials are failing or refusing to provide a speedy trial without unnecessary delay, affordable bond, effective counsel, and legal documents to inmates.

(Doc. No. 1 at 11.) He makes broad allegations about general behaviors engaged in by "The District Attorneys" and "The Court" that result in unjustified continuances and delays and unjustified bond requirements and revocations. (*Id.* at 11–12.) He asserts that "[i]n some cases, individuals are prosecuted based solely on bias and prejudice by the Judges as well [as] the prosecutors." (*Id.* at 12.)

Plaintiff sues the "City of Nashville (Local Government)," the "District Attorney Office," and "Criminal Court Clerk," all in their official capacities, and seeks "a judgment on grounds the statute or policy is repugnant to due process and equal protection under the Fourteenth Amendment to the United States Constitution and all other and further relief the court deems proper." (*Id.* at 2–3, 12.)

Plaintiff's complaint would fail for multiple reasons, even if he properly identified and otherwise stated a claim against the local government.[2] First, his claims relate to the validity of his on-going pre-trial detention and criminal prosecution, and he cannot obtain relief on such claims under Section 1983 until he has prevailed on those claims in state proceedings or through

---

[2] The local government Plaintiff apparently wants to sue is the Metropolitan Government of Nashville and Davidson County ("Metro"). Local governments like Metro are liable under Section 1983 only when a plaintiff establishes that a violation of his rights occurred pursuant to the government's policy or customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). A suit against a county clerk in his or her official capacity is effectively a suit against the local government, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), which is still only liable in the limited circumstances involving a government policy or custom. And because a District Attorney General is an agent of the State of Tennessee, *Keele v. Davis*, No. 4:05-CV-105, 2006 WL 8442672, at *3 (E.D. Tenn. July 18, 2006), a suit against him is usually the equivalent of a suit against the State, which is absolutely immune from suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). A state official is subject to suit in his official capacity only when the plaintiff seeks prospective injunctive relief from the application of an unconstitutional law or order. *Will*, 491 U.S. at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."); *Ex Parte Young*, 209 U.S. 123 (1908).

a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A Section 1983 claim challenging the validity of an inmate's confinement is not cognizable even where a plaintiff does not expressly seek his release. *Heck*, 512 U.S. at 489–90 (a claim for damages under Section 1983 is not cognizable "until the conviction or sentence has been invalidated"); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claim under Section 1983 for damages and declaratory judgment not cognizable if it implies the invalidity of punishment that has not been invalidated); *see also Kinstle v. Allen Cty., Ohio*, No. 3:19-CV-2982, 2020 WL 870944, at *2 (N.D. Ohio Feb. 21, 2020) ("*Heck* has been extended to actions seeking injunctive and declaratory relief.") The Supreme Court has explained that a "prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The judgment Plaintiff seeks—declaring that the circumstances of his confinement and prosecution violate his right to due process—would necessarily have that effect, and thus his claims are not cognizable at this stage under Section 1983.[3]

---

[3] In cases involving the application of *Heck* to an "anticipated future conviction," it is "common practice" for a district court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Andrews v. Hawaii Cty.*, No. CIV. 11-00512 JMS, 2011 WL 6749797, at *2 (D. Haw. Dec. 23, 2011) (staying speedy trial claim under Section 1983 pursuant to *Wallace* pending outcome of criminal proceedings). The Court finds a stay inappropriate in this case in light of the additional deficiencies in the complaint described herein. If Plaintiff wants to have his Section 1983 claims stayed pending his criminal prosecution, he has the opportunity to cure those deficiencies by filing an amended complaint in which he identifies one or more proper defendant(s) and provides a short and plain statement of the alleged facts establishing that the defendant(s) have violated his federal rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 614-15 (6th Cir. 2001) ("Particularly

5

Next, even if the Court were to construe Plaintiff's Section 1983 complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, this Court would be prohibited from interfering in his on-going state criminal proceedings. The United States Supreme Court has held that federal courts should not equitably interfere with state criminal proceedings except in extraordinary circumstances making it "absolutely necessary for protection of constitutional rights." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Pursuant to *Younger*, courts should abstain from such interference when three requirements are met: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Supreme Court has made clear that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief," *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), and that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Accordingly, *Younger* requires the Court to abstain from exercising jurisdiction over most pre-trial claims of unconstitutional procedures in state criminal prosecutions until after those prosecutions have concluded.

One exception to that rule provides for pre-trial consideration of speedy trial claims in which a defendant seeks a prompt trial, because "[t]o require a petitioner to await completion of a

---

where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." (internal quotation marks and citations omitted)). If Plaintiff seeks to take advantage of this opportunity, he must file a motion to alter or amend judgment under Rule 59 within 28 days of entry of judgment, along with a motion to amend the complaint and a proposed amended complaint.

6

trial before he may challenge the state's refusal to grant him one would be incoherent." *Atkins v. People of State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981). But even in those circumstances, the petitioner must exhaust any state pre-trial remedies before he may proceed with his speedy trial claim in federal court. The Supreme Court has found that a detainee could proceed with his federal speedy trial claim where it was "clear that he ha[d] exhausted all available state court remedies" by making "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973). Similarly, the Sixth Circuit has explained that "[t]he exhaustion requirement . . . is satisfied when the petitioner has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." *Atkins*, 644 F.2d at 547. Plaintiff in this case provides no reason to infer that he has taken any action to exhaust his state-court remedies as necessary to be entitled to habeas review.

In fact, Plaintiff does not allege any specific facts about his own proceedings at all. He alleges broad, systemic misdeeds, but he does not say when he was detained, whether or why his prosecution has been continued, when any continuances happened, whether or why he was denied bond or had bond revoked, or whether or how his prosecution is influenced by bias or prejudice. He does not say whether an attorney has been appointed for him or whether or how any attorney has been ineffective in representing him. And he does not identify any documents that officials have failed to provide or deliver to him. In short, he does not allege facts that would support any finding that his personal constitutional rights have been violated as he claims. That reason alone warrants dismissal of his lawsuit.

7

### III. CONCLUSION

This action is therefore **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Any appeal from this Order to the United States Court of Appeals would not be in good faith as required by 28 U.S.C. § 1915(a)(3). Plaintiff may, however, file with this Court a Rule 59 motion, a motion to amend the complaint, and a proposed amended complaint as discussed above.

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Form Number AO 242) for Plaintiff's use in seeking relief on his speedy trial claim if he chooses to do so. Plaintiff is reminded, however, that he must exhaust his available remedies in state court before he would be entitled to review in this Court; exhaustion of speedy trial claims is required before bringing a claim under 28 U.S.C. § 2241 just as it is required before bringing a claim under Section 1983. The Court expresses no opinion about the merits of Plaintiff's speedy trial claim.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE